UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              Case No. 25-CR-211

DAVID A. HAMMOND,

        Defendant.

---

## PLEA AGREEMENT

---

1.      The United States of America, by its attorneys, Brad D. Schimel, United States Attorney for the Eastern District of Wisconsin, and Abbey M. Marzick, Assistant United States Attorney, and the defendant, David A. Hammond, individually and by attorney Julie Linnen pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGE

2.      The defendant has been charged in a one-count indictment which alleges possession of child pornography with prior conviction in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(2).

3.      The defendant has read and fully understands the charge contained in the indictment. He fully understands the nature and elements of the crime with which he has been charged and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.      The defendant voluntarily agrees to plead guilty to the indictment in full, as follows:

**THE GRAND JURY CHARGES THAT:**

1.      On or about June 12, 2025, in the State and Eastern District of Wisconsin and elsewhere,

**DAVID A. HAMMOND**

knowingly possessed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, and which contained material that had been shipped and transported by a means and facility of interstate and foreign commerce, including by computer.

2.      The child pornography possessed by the defendant included a digital video identified by the following partial file name:

| Partial File Name | Description |
|---|---|
| 526cloud | A video, nine minutes and four seconds in length. The video starts with a black screen with the words "InShOt" in the bottom right corner and "101 CUM SHOTS" and "REVISED" just above it. The video transitions through several iterations of a multi-window view which depicts minors, ranging from toddler age through teenage, engaging in various sex acts, including oral sex, penetration intercourse, and ejaculations on their faces or bodies. |

3.      On or about January 18, 2018, the defendant was convicted in the Eastern District of Wisconsin in Case 17-CR-135 for distribution of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2).

All in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1)(2).

2

5.      The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment A beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt. The information set forth in Attachment A is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6.      The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following penalties: mandatory minimum penalty of 10 years' imprisonment, up to 20 years' imprisonment; at least five years up to life of supervised release; up to a $250,000 fine; and a mandatory special assessment of $100, as set forth in 18 U.S.C. § 3013. The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraphs 27-30 of this agreement.

7.      The defendant acknowledges, understands, and agrees that he has discussed the relevant statute as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8.      The parties understand and agree that in order to sustain the charge of possession of child pornography as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

First:      The defendant knowingly possessed or accessed with intent to view the material identified in the indictment; and

Second:      The material identified in the indictment is child pornography; and

3

| Third: | The defendant knew that one or more of the persons depicted were under the age of eighteen years; and |
|---|---|
| Fourth: | The material identified in the indictment has been mailed, shipped, or produced using materials that have been mailed, shipped, or produced in or affecting interstate or foreign commerce. |
| Fifth: | The visual depiction involved a minor under 12 years old. |

## SENTENCING PROVISIONS

9. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

10. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

11. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

**Relevant Conduct**

12.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

**Base Offense Level**

13.     The parties agree that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 18 under Sentencing Guidelines Manual § 2G2.2(a).

**Specific Offense Characteristics**

14.     The parties agree that the government will recommend to the sentencing court that a two-level increase under Sentencing Guidelines Manual §2G2.2(b)(2) is applicable because the offense involved material involving a prepubescent minor or a minor who had not attained the age of 12 years.

15.     The parties agree that the government will recommend to the sentencing court that a two-level increase under Sentencing Guidelines Manual §2G2.2(b)(6) is applicable because the offense involved the use of a computer.

16.     The parties agree that the government will recommend to the sentencing court that a five-level increase under Sentencing Guidelines Manual §2G2.2(b)(7)(D) is applicable because the offense involved at least 600 images.

17.     The parties agree that the government will recommend to the sentencing court that a four-level increase under Sentencing Guidelines Manual §2G2.2(b)(4) is applicable because the offense involved material depicting sadistic or masochistic conduct.

## Acceptance of Responsibility

18.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to sentencing. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

19.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20.     Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

21.     The parties agree that they will jointly recommend a sentence of 10 years' imprisonment.

## Court's Determinations at Sentencing

22.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States

Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction.   The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.  If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

25.     The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing,

to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

## Special Assessment

26. The defendant agrees to pay the mandatory special assessment in the amount of $100, pursuant to 18 U.S.C. § 3013, prior to or at the time of sentencing or upon further order of the court.

## Restitution

27. The defendant agrees to pay restitution to any victim, including any victim directly or indirectly harmed by defendant's relevant conduct as part of the agreement in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663, 3663A and 3771. Defendant agrees to pay full restitution comprising all proven losses caused by the offense of conviction and relevant conduct to the victims regardless of the count of conviction. This includes all child sexual abuse material found on the defendant's electronic devices. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court. A restitution amount in excess of what Defendant believes is appropriate will not be a basis for his withdrawal from this agreement.

28. The defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of restitution until after the sentencing, and consents to the entry of any orders pertaining to restitution imposed in accordance with 18 U.S.C. § 3664(d)(5). Such restitution shall be due and payable immediately.

29. The defendant understands that because restitution for the offenses is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial

8

resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands the imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action

30.     Pursuant to 18 U.S.C. § 3663, the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses for victims of the conduct described in the charging instrument, statement of facts, and any relevant conduct, specifically including the minors identified as a victim by law enforcement. The defendant agrees that the minors are properly considered a "crime victim" under 18 U.S.C. § 3771 and are therefore afforded all enumerated rights under that section. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable ten days prior to sentencing.

### Forfeiture

31.     The defendant agrees to forfeit his Samsung Galaxy A13 5G cell phone and his SanDisk Micro SD thumb drive, and the defendant agrees to an immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in these devices. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement. The parties agree that the forfeiture of these devices will be determined by the court prior to or at the time of sentencing.,

### DEFENDANT'S WAIVER OF RIGHTS

32.     In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

33. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offenses to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

10

34. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

35. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

36. The defendant knowingly and voluntarily waives any claim or objection he may have based on venue.

### Further Civil or Administrative Action

37. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### MISCELLANEOUS MATTERS

38. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and

11

understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

### GENERAL MATTERS

39.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

40.     The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

41.     The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

### EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

42.     The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to

appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

### VOLUNTARINESS OF DEFENDANT'S PLEA

43. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

13

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3-11-2026

DAVID A. HAMMOND
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/11/2026

JULIE LINNEN
Attorney for Defendant

For the United States of America:

Date: 3/12/2026

BRAD D. SCHIMEL
United States Attorney

Date: 3/12/26

ABBEY M. MARZICK
Assistant United States Attorney

14

## ATTACHMENT A

### Summary of facts

a. David A. Hammond has a prior conviction for distribution of child pornography (EDWI Case 17-CR-135). On January 18, 2018, Judge Griesbach sentenced him to 90 months' imprisonment followed by 8 years' supervised release. Hammond began his period of supervision in December 2022. One of the conditions of his supervised release was to allow USPO to conduct periodic unannounced examination of devices, and to allow for removal of devices when necessary to conduct a more thorough examination.

b. On May 13, 2025, Hammond failed a USPO-administered polygraph test regarding his access to the Internet on unauthorized devices. On June 12, 2025, a search of his residence at 1XX South University Drive, #X in West Bend was completed by his probation agent, as a response to this result. During this search, Hammond turned over an unauthorized smartphone from his pocket and also admitted to possessing several other unauthorized devices kept at his residence, including a laptop, tablet, thumb drive, and several smartphones, all capable of accessing the Internet without computer monitoring. Hammond also admitted that he had downloaded pornography on those devices for masturbation purposes. Hammond knew that the downloaded pornographic materials depicted minors under the age of 18, including toddlers. The devices were all seized on June 12, 2025, and placed in the search and seizure safe at the USPO office.

c. On June 26, 2025, USPO previewed Hammond's laptop. USPO found several AI-generated videos of child sexual abuse material (CSAM). The matter was referred to an HSI special agent who drafted and submitted a warrant to conduct a full search of all of Hammond's devices. A federal search warrant was signed on July 31, 2025, and the special agent began his device review a few days later. A summary of the special agent's findings is listed below:

    a. **Samsung Galaxy A13 5G smartphone** → 23 CSAM videos and 1,549 CSAM images (*non-AI*) including but not limited to the following (those described are **not** AI-generated):

        i. Partial file name ending <u>526cloud</u>: *a nine minute and four seconds long* video. The video starts with a black screen with, "InShOt" in the bottom right corner, and "101 CUM SHOTS" and "REVISED" just above it. The video transitions through several iterations of a multi-window view which depicts minors, ranging from toddler age through teenage, engaging in various sex acts, including oral sex, penetration intercourse, and ejaculations on their faces or bodies.

        ii. Partial file name <u>389cloud</u>: *a six minute and 11 seconds long video.* The video begins with three separate images of three females, ranging from toddler age to teenager, with a white substance on their faces, and the words

"Sweet release" and "Girls getting showered in CUM" on the screen. The video continues with transitions of three video windows depicting females ranging from toddler age through teenage performing oral sex and/or being ejaculated on their face and/or body.

b. **SanDisk Micro SD** → 14 CSAM videos (*non-AI*), including but not limited to the following

    i. Partial file name full-quality.webm: a two-minute and 55 second-long video depicting a pre-pubescent female laying naked on her back while an adult male attempts to insert his erect penis into her vagina and then ejaculates on her face.

d. The computer used to download, view, and access the CSAM had been mailed, shipped, or produced using materials that have been mailed, shipped, or transported in a manner affecting interstate or foreign commerce