UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                Case No.: 25-CR-00211

DAVID A. HAMMOND,

        Defendant.

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, Abbey M. Marzick, Assistant United States Attorney for the Eastern District of Wisconsin, hereby submits this sentencing memorandum in advance of the sentencing hearing scheduled for June 29, 2026.

### I.      Introduction

On April 1, 2026, the defendant, David A. Hammond entered a plea of guilty to a one-count indictment charging him with Possession of Child Pornography with a qualifying prior conviction. The instant offense is not the defendant's first conviction related to child pornography (hereinafter "CSAM," for child sexual abuse material). In 2018, the defendant was convicted in this District and sentenced by District Court Judge Griesbach for distribution of CSAM. While the defendant was on supervised release, United States Probation previewed his electronic devices pursuant to his supervised release terms and discovered more CSAM. Due to the seriousness of the defendant's conduct, the need to protect children, and the lack of deterrence exhibited by the defendant's prior sentence, the government and the defense jointly recommend a sentence of 10 years' imprisonment.

## II. The parties' joint recommendation is appropriate under 18 U.S.C. § 3553(a).

The Court must impose a sentence that is sufficient but not greater than necessary. To this end, the court must consider the factors set forth in 18 U.S.C. § 3553(a). *United States v. Harris*, 490 F.3d 589, 593 (7th Cir. 2007). These factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, to afford adequate deterrence, and protect the public from further crimes by the defendant; and (4) providing the defendant with needed training opportunities or medical care. *See* 18 U.S.C. § 3553(a).

### a. *Nature and circumstances of the offense*

On June 26, 2025, federal agents executed a search warrant on multiple electronic devices belonging to the defendant. A summary of the findings is listed below:

> Samsung Galaxy A13 5G smartphone: **23 CSAM videos and 1,549 CSAM images** (non-AI) including but not limited to the following (those described are not AI-generated):
>
> o Partial file name ending 526cloud: a nine minute and four-second-long video. The video starts with a black screen with, "InShOt" in the bottom right corner, and "101 CUM SHOTS" and "REVISED" just above it. The video transitions through several iterations of a multi-window view which depicts minors, ranging from toddler age through teenage, engaging in various sex acts, including oral sex, penetration intercourse, and ejaculations on their faces or bodies.
>
> o Partial file name 389could: a six minuet and 11-second-long video. The video begins with three separate images of three females, ranging from toddler age to teenager, with a white substance on their faces, and the words "Sweet release" and "Girls getting showered in CUM" on the screen. The video continues with transitions of three video windows depicting females ranging from toddler age through teenage performing oral sex and/or being ejaculated on their face and/or body.
>
> SanDisk Micro SD: 14 CSAM videos (non-AI), including but not limited to the following:

2

- o Partial file name <u>full-quality.webm</u>: a two minuet and 55-second-long video depicting a pre-pubescent female laying naked on her back while an adult male attempts to insert his erect penis into her vagina and then ejaculates on her face.

Many of these CSAM files contained known victims of child sexual abuse, and many of them have submitted victim impact statements and restitution claims. The defendant's devices also contained a significant amount of AI-generated CSAM and other pornography (either adult or age indeterminate/teen girls).

Mr. Hammond's conduct is not victimless. The defendant's acquisition and possession of CSAM created yet another permanent record of a real child's sexual abuse. That record facilitates the never-ending possession, receipt, and distribution of CSAM. Every time a victim in a CSAM series learns that CSAM involving them was distributed and possessed, they are re-victimized. The harm sustained by the victims in CSAM is as permanent as the digital record of their sexual abuse. As the victim in the "Tara" series bluntly states in her victim impact statement, "Imagine being known as 'Tara,' a label that you never chose yet have been haunted by as well the painful memories that are tied to it. You just want to break free from this title, which for so long has enslaved you." Below is an excerpt from the victim impact statement provided by the victim in the "Vicky" series who is now an adult:

> I still have regular nightmares about naked/CSAM images of myself being spread across screens in an uncontrollable way. Sometimes in the dreams it will pop up on a screen, and I will try to delete it, and it will just multiply every time I try and spread more and more. These dreams bring up a feeling of panic, fear, and feeling like I have no control over the situation.

3

The harm created by CSAM is certainly not limited to the victims, but their families too. Below is an excerpt from the victim impact statement provided by the mother of the victim in the "Braid&Tile" series:

> I worry she [i.e., the victim] will be afraid to leave the house, fearing that each man who looks at her might recognize her from her images online. I worry she won't know how to have a health, respectful, loving relationship with a partner. Will she avoid dating because she feels shame, embarrassment or fear about a dating partner finding her images? Will she be afraid a romantic partner might abuse or film her? Will she avoid having children for fear she cannot protect them? Will someone discover her images online and attempt to blackmail, extort, or harass her? Will someone who has collected her images try to learn who she is and find her? These are the worries I have every day, and the worries I fear [the victim] will carry forever.

It is well established that victims of child sexual abuse in general experience a higher risk for a multitude of health issues including but not limited to substance abuse, commercial sexual exploitation, delinquency, post-traumatic stress disorder, and depression. But victims in CSAM experience additional and unique lifelong struggles. CSAM victims fear being identified, feel vulnerable due to having their abuse recorded, and live their lives knowing that the CSAM involving them is forever accessible on the internet. *See American Professional Society on the Abuse of Children Statement on the Harm to Child Pornography Victims*, October 18, 2023. Because the abuse is memorialized, CSAM haunts the child long after the original abuse occurred. *New York v. Faber*, 484 U.S. 747,759 (1982). Victims in CSAM also lack any power or control over when, how and to whom to disclose their history of sexual abuse.

Although there is no evidence that defendant directly sexually abused any of the victims in the CSAM he possessed, his conduct contributed to the long-lasting harm those victims face. There

4

are multiple "known series" CSAM victims in the material that the defendant had on his devices. Their victim impact statements and restitution requests have been previously submitted to USPO. The far-reaching impact of the defendant's conduct is demonstrated by his possession of over 600 digital files of CSAM. The brutality of his conduct is exhibited by his possession of CSAM portraying the sadistic or masochistic abuse of children. *See* USSG § 2G2.2(b)(3) (sadistic or masochistic conduct includes sexual gratification which is purposely degrading or humiliating or causes mental suffering or psychological or emotional injury; violence is not necessarily required). *See United States v. Turchen*, 187 F.3d 735 (7th Cir. 1999).

  b. *History and characteristics of the defendant*

  The defendant is a registered sex offender and maintains a criminal record notable for a prior conviction in 2017 in this District for the Distribution of Child Pornography. (¶ 38). In that case, the defendant was indicted after federal agents attributed the distribution of a CSAM file titled "*(pthc) Johanna 9 yr swallows cum slct.avi*" to the defendant's IP address. (*Id*.). The corresponding investigation into the defendant revealed that he possessed hundreds of CSAM videos. (*Id*.). The defendant admitted to being sexually aroused by CSAM and that he masturbated while viewing CSAM. (*Id*.). The defendant committed the instant offense while under supervised release for his 2017 conviction. (*Id*.). Moreover, the defendant's supervised release was revoked in September 2025 for multiple reasons, including this new case, failing to report to his mandated telehealth sex offender treatment group sessions, and failing to complete or submit timely homework assignments for sex offender treatment. (*Id*.).

  The defendant also has prior criminal convictions, including criminal damage to property, theft, tampering with government record - defraud/darm, and failure to support child. (¶ 33-37).

The defendant reported a fairly positive childhood and described having a positive relationship with both of his parents, especially with his father. (¶ 45). However, the defendant stated that his father would physically strike him and his sister to the point of leaving bruises and welts. (¶ 48). His family lived in middle-class neighborhoods and always had enough food and clothing. (*Id*.). The defendant stated that he struggled to make friends growing up because his family moved quite frequently. (*Id*.). The defendant did not indicate that he was sexually abused at any point in his life.

The defendant has a 32-year-old daughter who cut ties with him after his 2017 conviction; his sister cut ties as well. (¶ 45, 51). He also has a son with a different woman but has been absent throughout his son's life. (¶ 52). The defendant's prior conviction for failure to support child pertained to his son. (*Id*.). The defendant was married once in 2006 but indicated that he and his wife separated shortly after getting married and were divorced by 2010. (¶ 53). The defendant's last reported relationship was in 2008. (*Id*.).

According to Mr. Hammond, his addiction to pornography began in 2009 but he never sought treatment. (¶ 61). The defendant reported that he would use pornography for multiple hours each day and would purchase all kinds of pornography regularly. (*Id*.). His addiction gradually escalated into using more extreme pornography for even longer periods of time and this escalation was accelerated when his father died in 2014. (*Id*.). The defendant says that his addiction destroyed his social life and his use of extreme pornography eventually led to him possessing CSAM. (*Id*.). While previously incarcerated, he was diagnosed with and is currently treated for depression and anxiety. (¶ 59). The defendant entered a timely plea of guilty and accepted responsibility for his actions. (¶ 28-29).

*c. The need for the sentence to reflect the seriousness of the offense, afford adequate deterrence and protect the public*

Any CSAM crime is extremely serious. This is particularly egregious case conduct given the defendant's recidivism and extensive victim impact from known series victims. The defendant failed to comply with previous court orders to receive treatment and participate in sex offender rehabilitation programs. It is evident that the defendant's previous incarceration and the terms of his supervised release were ineffective in rehabilitating the defendant and deterring him from possessing CSAM in the future. As the defendant's recidivism demonstrates, sex offenders "are more likely to recidivate than other criminals, . . . because their criminal behavior is for the most part compulsive rather than opportunistic." *United States v. Craig*, 703 F.3d 1001, 1003-04 (7th Cir. 2012)(Posner, J., concurring)(citing Virginia M. Kendall and T. Markus Funk, *Child Exploitation and Trafficking: Examining the Global Challenges and U.S. Responses* 310 (2012)). Even if there is inevitable uncertainty in predicting future behavior, the public, specifically young children, not the defendant, should be given the benefit of the doubt.

The Seventh Circuit has recognized that "the greater the customer demand for child pornography, the more that will be produced." *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007). E.g., *Osborne v. Ohio,* 495 U.S. 103, 109–11, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990); *United States v. Barevich,* 445 F.3d 956, 959 (7th Cir.2006); *United States v. Richardson,* 238 F.3d 837, 839 (7th Cir.2001); *United States v. Angle,* 234 F.3d 326, 337–38 (7th Cir.2000). If federal agents had not searched the defendant's electronic devices, it is highly likely that he would have continued to acquire CSAM. By doing so, the defendant has endorsed the sexual exploitation of his victims and contributed to the future sexual exploitation of children. The defendant is a threat to children everywhere and must be incarcerated for a significant period.

The jointly recommended sentence provides adequate deterrence to and protects the public. The Seventh Circuit has acknowledged that there is a need to deter the defendant and others from committing crimes that "take advantage of our youth, including receiving child pornography, regardless of involvement in its production." *United States v. Allday*, 542 F.3d 571, 573 (7th Cir. 2008).

### III.     Conclusion

Given the factors listed in 18 U.S.C. § 3553(a), the parties submit that a sentence of 10 years' imprisonment is sufficient but not more than is necessary to achieve the sentencing goals. Anything less would unduly depreciate the seriousness of the defendant's conduct. This recommendation reflects the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for deterrence and protection of the public. Through his repeated possession of CSAM, the defendant has demonstrated that he is either incapable of or unwilling to stop perpetuating the sexual exploitation of children and the lifelong impact on victims of CSAM. Unless incarcerated for a significant period, he remains a danger to children everywhere.

Respectfully submitted at Milwaukee, Wisconsin, this 21st day of June 2026.

Respectfully submitted,


By:     s/ Jackson Buty
JACKSON BUTY
Legal Intern, under the supervision of:

*s/ Abbey M. Marzick*
ABBEY M. MARZICK
Assistant United States Attorney
Wisconsin State Bar No.: 1087215

8

Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
E-Mail: Abbey.Marzick@usdoj.gov

9